IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE EATMON, #140 565, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-1002-TMH |
| | ) | [WO] |
| PILGRIM PRIDE CHICKEN | ) | |
| PLANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a state inmate, complains that he

has been denied adequate medical care for a disease he contracted while working in a poultry

processing plant. Among the named defendants to the complaint are Pilgrim's Pride Chicken

Plant located in Enterprise, Alabama, and a supervisor at the facility, Mr. John.

Upon review of the complaint, the court concludes that dismissal of Plaintiff's

complaint against Defendants Pilgrim's Pride Chicken Plant and Mr. John  prior to service

of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

In his complaint, the Plaintiff asserts claims against a private individual and a private

company  for conduct which occurred during his employment with the private company

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

through a work release program operated by the Alabama Department of Corrections.[2] Specifically, Plaintiff complains that he contracted a blood disorder from working around the "live hanging chicken area" at the Pilgrim's Pride Chicken Plant ["Pilgrim's Pride"] because Mr. John negligently failed to provide him with appropriate protective clothing and eye gear. (*Doc. No. 12*.)

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50. Additionally, negligent

---

[2]Inmates who participate in ADOC work release programs are allowed to leave the prison "unaccompanied by a custodial agent for a prescribed period of time to work at paid employment" for a private entity. *See* Ala.Code § 14-8-2(a).

2

conduct cannot serve as the basis for a § 1983 claim.  *See Daniels v. Williams,* 474 U.S. 327

(1986)).

The only relevant nexus between Defendants Pilgrim's Pride, Mr. John,  and the State

of Alabama is their employment of an inmate through the work release program. Otherwise,

based on a review of the complaint, there is no indication that Pilgrim's Pride or Mr. John

are state actors nor does the complaint allege that any actions taken by these Defendants can

in any way be attributed to the State.   It is well established that acts of "private contractors

do not become the acts of the government [simply] by reason of their . . . engagement in . .

. public contracts" regardless of whether such engagement  is "significant or even total."

*Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982). In general, for a private party to be liable

under § 1983, the state must somehow be responsible for the allegedly unlawful actions taken

by the private party.  *See Blum,* 457 U.S. at 1004.

Based on the foregoing, the court finds that  neither Mr. John nor Pilgrim's Pride  are

state actors.  Consequently, the action about which Plaintiff complains with respect to these

defendants was not committed by a person or entity  acting under color of state law and

cannot be considered state action.   Accordingly, the court concludes that  the claims

presented in Plaintiff's complaint against these defendants lack an arguable basis in law and

they are, therefore, due to be dismissed as defendants to this cause of action under the

provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319, 327

(1989).

3

## II.  CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants Pilgrim's Pride Chicken Plant and Mr. John  be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Defendants Pilgrim's Pride Chicken Plant and Mr. John be DISMISSED as parties to the complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties may file objections to the  Recommendation on or before **April 3, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

4

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE